### FITZGERALD v. THE STATE.

Applied to the facts of the case, the charge was more favorable to the State than to the accused, as it dealt hypothetically with malice and offered no hypothesis based on heat of passion. As what the witness called a "touch" with the foot may have been a "kick" or mistaken for a kick, the charge should have presented to the jury the law of voluntary manslaughter, so as to enable them to distinguish that grade of homicide from murder, and to determine which of these offences would have been committed if death had ensued. The court erred in not granting a new trial.
August 1, 1892.                          *Judgment reversed.*

Criminal law. Assault to murder. Charge of court. Manslaughter. Before Judge GUERRY. Terrell superior court. November term, 1891.

Fitzgerald was indicted for assault with intent to murder, and found guilty. His motion for new trial was overruled, and he excepted. The motion contained the general grounds that the verdict was contrary to law, evidence, etc. Also, that the court erred in charging: "If you should find from the evidence that the

defendant went away from the store and afterwards came back with malice in his heart towards Crouch and sought to take his life, the defendant would be guilty of assault with intent to murder. If he used a weapon likely to produce death, even though the prosecutor may have used a weapon against him, if he was forced to use it by occasion of the defendant himself,—that is to say, if you should believe in this case from the evidence beyond a reasonable doubt, that after the difficulty commenced the defendant left, drew his knife and went back with malice towards the prosecutor, and if he, the person assaulted, for the purpose of preventing an assault from the defendant, threw a weight at him, that would not justify the defendant in making an assault upon him with a deadly weapon." Also, that the court failed to charge sections 4325 and 4327 of the code, on the subject of manslaughter, and the principles therein contained. Also, because the whole charge, taken in its entirety, did not present defendant's theory or defence properly to the jury, and was more favorable to the State than to the defendant.

According to the testimony of Oscar Crouch, the defendant came to the back door of Crouch's store and asked for a piece of meat. Crouch refused to credit him for it; he got mad, went out, and came around to the front door with two other negroes whom Crouch did not know. These two went into the store, and defendant tried to persuade them out, saying he did not leave any of his money in there, and that he did not want any of his friends to leave any in there. Crouch touched him with his foot and told him not to talk that way; and defendant told Crouch not to do that any more. Crouch thought he was joking, and again touched him with his foot. He struck Crouch in the breast, and Crouch picked up a potato and threw it at him. He was then coming at Crouch with a knife, and Crouch picked up

a weight and threw it and hit him, and he still advanced and struck at Crouch with the knife. Crouch jumped behind the door to avoid being cut, and about that time his brother Perry ran up and was cut by the defendant at the time he struck at Oscar. Defendant was on the sidewalk, with one foot in the door. Crouch denied that he kicked the defendant, and claimed merely to have touched him with his foot. In his statement defendant claimed that Crouch kicked him and cursed him, and gave a materially different account of the matter from that detailed in the testimony. It further appeared that Perry Crouch, as soon as he was cut, picked up a weight and knocked the defendant down with it.

J. W. WALTERS and M. C. EDWARDS, JR., for plaintiff in error.

J. M. GRIGGS, solicitor-general, by brief, *contra.*