### 5624. BARRETT *v.* THE STATE.

Instructions to the jury on the law of voluntary manslaughter were authorized by evidence that at a dance at which the homicide occurred, the person killed had drawn a pistol and pointed it at the defendant, without sufficient cause, and apparently with the intention of shooting the defendant, and that a bystander made him desist.

DECIDED JULY 21, 1914.

Conviction of manslaughter; from Floyd superior court—Judge Wright. March 7, 1914.

*Eubanks & Mebane,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

ROAN, J. Barrett was indicted and tried for the murder of Collins, and was convicted of voluntary manslaughter. He excepts to the refusal of a new trial. It appears that in the morning preceding the night in which the homicide occurred, the defendant went to his uncle's house and left his gun there, and took his uncle's shotgun, to use in bird hunting. After the hunt was over he came back by his uncle's house, about night, left his uncle's gun, took his own, and with it went to a dance. He set his gun in a corner of the house. Some time during the dance Collins (as appears from the evidence and the defendant's statement), without sufficient cause, became exasperated with the defendant, or claimed to be, drew his pistol, pointed it at the defendant, and probably would have shot the defendant had not a bystander made him desist. It

appears, from the evidence, that Collins afterwards walked around the room in which the defendant was dancing, watching the defendant, and having his pistol in his hand a part of the time. The evidence is conflicting as to what occurred at the exact time of the killing, the evidence for the State indicating that the defendant picked up his gun and shot Collins down at a time when Collins was making no effort to harm him, and the evidence offered by the defendant, and supported by his statement, tending to show that Collins had a pistol in his hand, making an effort to shoot the defendant at the time he was killed. In the motion for a new trial error is alleged because the court charged the jury on voluntary manslaughter, the defendant insisting that under no view of the evidence submitted was voluntary manslaughter in the case, but that the killing was either murder or justifiable homicide.

Was the court authorized, under the evidence or the defendant's statement, to charge the jury on the law of voluntary manslaughter? If there is anything in the evidence or in the defendant's statement that tends to show that he shot and killed Collins while laboring under a heat of passion justifiably aroused, and on account of it, then the jury should have been charged on voluntary manslaughter. See *Fitzgerald* v. *State*, 90 *Ga.* 138 (15 S. E. 672). From some of the evidence, and from the statement of the defendant, it appeared that at the dance on the night of the killing, Collins, without sufficient provocation, had made an assault upon him by drawing a pistol and pointing it at him, evidently intending to shoot him, and that a bystander prevented Collins from carrying this intention into execution. It is possible that this conduct of Collins so enraged and inflamed the passions of the defendant that on account of it and before his passion had sufficient time to cool down and reason to resume its sway, he fired the fatal shot; and if so, a conviction of voluntary manslaughter was authorized. If Collins at the time of the shooting was acting in such a manner as to arouse the fears of a reasonable man, and by it made the defendant believe that his life was in danger at the hands of Collins, or that Collins, without justification, was about to commit upon him a serious personal injury amounting to a felony, and, acting under these fears, he shot and killed Collins, then the killing would have been justifiable homicide. The jury was not compelled to believe any particular phase of the evidence or of the statement of the defend-

ant to the exclusion of every other. Hence it was not illegal for the court to instruct the jury as to the law applicable to every phase presented by the evidence or the statement. If the court had failed or refused to charge the law of voluntary manslaughter, and the jury had convicted the defendant of murder, the defendant would have been justified in claiming that the court committed harmful error against him in failing to charge upon voluntary manslaughter, as, by one phase of the evidence, as well as from the statement of the defendant, the killing may have been the result of a heat of passion aroused by a previous assault on defendant by the decedent; and the defendant was entitled to have the jury say by their verdict whether the homicide was deliberate and actuated by malice, or was committed in a sudden heat of passion aroused by a previous assault, or whether it was justifiable.

As no other error of law is alleged to have been committed, and as the evidence was abundant to justify the verdict, the judgment overruling the motion for a new trial will not be disturbed.

*Judgment affirmed.*